```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
IN THE MATTER OF THE PETITION OF FIRE
ISLAND FERRIES, INC., AS OWNER OF THE            ORDER
FIREFLY VI, FOR EXONERATION FROM AND             11-CV-4327(JS)(ARL)
LIMITATION OF LIABILITY.

----------------------------------------X
APPEARANCES
For Petitioner:      David R. Hornig, Esq.
                     Guerric S.D.L. Russell, Esq.
                     Nicoletti Hornig & Sweeney
                     Wall Street Plaza
                     88 Pine Street, 7th Floor
                     New York, NY 10005

For Claimant         Alan B. Leibowitz, Esq.
Emmanuel Marias:     Simonson Hess & Leibowitz, P.C
                     15 Maiden Lane, 19th Floor
                     New York, NY 10038
```

SEYBERT, District Judge:

Fire Island Ferries, Inc. ("Petitioner") owns the Firefly VI, a water taxi that serves Fire Island, New York. Claimant Emmanuel Marias ("Claimant") was allegedly injured while aboard the Firefly VI in July 2011. Thereafter, Petitioner initiated this proceeding under the federal Limitation of Shipowners' Liability Act (the "Limitation Act") seeking an order exonerating it or limiting its liability for Claimant's accident. In accordance with the Limitation Act, the Court enjoined all other legal proceedings against Petitioner arising out of the accident. (Docket Entry 4.)

Pending before the Court is Claimant's motion to vacate the injunction, which prevents him from filing a tort

action in state court. In connection with his motion, Claimant will stipulate (1) to prioritize his claims; (2) to having all issues relating to limitation of liability heard by this Court; (3) not to seek a state court ruling as to Petitioner's limitation of liability; (4) to waive any res judicata argument premised on a state court's determination of limitation of liability; and (5) not to enforce any state court judgment insofar as it may expose Petitioner to liability in excess of the Firefly VI's value pending a decision from this Court on the limitation of Petitioner's liability. (See Docket Entry 12-2 at 4-5.) Claimant did not file a copy of this stipulation with the Court.

## DISCUSSION

This case confronts the tension between the Court's exclusive jurisdiction under the Limitation Act and the "saving to suitors" clause of 28 U.S.C. § 1333, which preserves plaintiffs' common law rights and remedies. See Compl. of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 754 (2d Cir. 1988). When a shipowner invokes the protection of the Limitation Act, a court may enjoin all proceedings against the shipowner arising out of a particular mishap and direct all potential claimants to file their claims with the court within a specified period. Id. at 755. Then, "in a proceeding known as a concursus, the district court,

2

sitting in admiralty without a jury, determines 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.'" Id. (quoting Universal Towing Co. v. Barrale, 595 F.2d 414, 417 (8th Cir. 1979)). The concursus is how the admiralty court "achieve[s] the primary purpose of the Act--'to provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full.'" Id. (quoting In re Moran Transportation Corp., 185 F.2d 386, 389 (2d Cir. 1950)). But because claimants in Limitation Act proceedings have no right to a jury and are enjoined from pursuing actions elsewhere, the Limitation Act conflicts "with the promise of 28 U.S.C. § 1333 that the exercise of admiralty jurisdiction will not deny suitors their right to common law remedies." Id.

In recognition of this tension, courts have identified two situations where "the exclusive jurisdiction of the admiralty court must give way." Id. Only one applies here: "[W]hen a lone claimant brings an action seeking an amount in excess of the limitation fund, the district court must lift the stay against other proceedings if that claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability." Id. (emphasis added).

3

Here, Claimant argues that he meets these criteria. First, he contends that he is a "lone claimant" because although he is seeking claims for attorneys' fees and costs in addition to compensation for his injuries (and hence multiple claims, see id. at 756), he has agreed to prioritize his claims. Claimant is correct that he can cure a "multiple claims" issue by stipulating to a priority scheme. Id.

Second, Claimant argues that his stipulation adequately protects Petitioner from excess liability. In Dammers, the Second Circuit affirmed a district court's vacating a Limitation Act injunction where the claimant (1) filed a claim in the Limitation Act proceeding; (2) conceded the value of the ship at issue (i.e., the upper limit of the shipowner's potential liability); (3) waived any res judicata argument grounded on a state court's determination of the shipowner's limitation of liability; and (4) conceded the shipowner's right to return to admiralty court to litigate the limitation of its liability. Id. at 758. Claimant asserts that his stipulation is similar to the one in Dammers and that the Court should thus reach a similar outcome. Petitioner's only opposition is that Dammers is distinguishable because in that case, the claimant had filed a state court action before the Limitation Act injunction was entered. In this case, on the other hand, Claimant was prevented from filing a state court action

4

altogether.  This is not a persuasive distinction.  See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 441, 451-52, 121 S. Ct. 993, 997, 1002-03, 148 L. Ed. 2d 931 (2001) (holding that district court did not abuse its discretion in dissolving an injunction in a Limitation Act proceeding that was brought "[i]n anticipation" of claimant's tort action).

[Conclusion on Following Page]

5

CONCLUSION

In sum, the Court may vacate its injunction to the extent that Claimant's stipulation protects Petitioner from excess liability.  The problem here, however, is that the Court has not seen Claimant's stipulation.  It was supposed to have been attached to Claimant's motion as Exhibit A (see Docket Entry 12-2 at 1), but no such exhibit was filed on ECF.  Accordingly, Claimant will file its stipulation with the Court within fourteen days, and the Court will evaluate whether, consistent with the discussion above, it affords Petitioner adequate protection.  In the event that it dissolves the injunction, it will retain jurisdiction of this case.  See id. at 442.

The Clerk of the Court is respectfully directed to terminate Docket Entry 12.  Claimant shall file its stipulation and cover letter as a "renewed motion to vacate."

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    August   20  , 2012
          Central Islip, New York